IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD BARNES, | ) | CASE NO. 1:12CV895 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| BENNIE KELLY, | ) | |
| | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Respondent. | ) | |

Petitioner Richard Barnes, ("Petitioner" or "Barnes") brings this habeas corpus action pursuant to 28 U.S.C. § 2254. Doc. 1. Barnes is detained at the Grafton Correctional Institution, having pled guilty to sexual battery and aggravated theft in the Cuyahoga County, Ohio, Court of Common Pleas. Doc. 8-1, p. 12.[1] *State v. Barnes*, No. CR-09-524053-A (Cuyahoga Cty. Common Pleas Ct. filed August 24, 2009). The trial court imposed a seven-year prison sentence and classified Barnes as a Tier III sex offender. Doc. 8-1, p. 13.

On April 13, 2012, Barnes filed his petition for writ of habeas corpus; on July 23, 2013, he filed an amended petition setting forth three grounds for relief. Doc. 14, pp. 6-15. This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to Local Rule 72.2. As set forth more fully below, a portion of Ground One is procedurally defaulted; the remainder of Ground One fails on the merits; Ground Two is procedurally defaulted; and Ground Three fails on the merits. Thus, the undersigned

---
[1] Doc. page citations are to ECF Doc. page numbers.

1

recommends that Barnes' petition for writ of habeas corpus (Doc. 14) be **DISMISSED in part** and **DENIED in part**.[2]

## I. Factual Background

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, the state court's factual findings are presumed correct. 28 U.S.C. § 2254(e)(1). The petitioner has the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Railey v. Webb*, 540 F. 3d 393, 397 (6th Cir. 2008), *cert. denied*, 129 S. Ct. 2878 (2009). The Cuyahoga County Court of Appeals, Eighth Appellate District of Ohio, set forth the facts as follows:[3]

> On August 19, 2009, appellant pled guilty to two counts of sexual battery in violation of R.C. 2907.03(A)(1) and one count of theft in violation of R.C. 2913.02(A)(4). The court ordered a presentence investigation and, on September 14, 2009, conducted a sentencing hearing. After entertaining arguments from both the state and appellant, the court sentenced appellant to three years incarceration for each of the sexual battery convictions and one year for the theft conviction. The court ordered all sentences to be served consecutively, for a total of seven years imprisonment. Additionally, the court classified appellant as a Tier III sex offender.

*State v. Barnes*, No. 94025 (Ohio Ct. App. Sept. 30, 2010); Doc. 8-1, p. 64.

## II. Procedural Background

### A. State Action

On May 19, 2009, a Cuyahoga County Grand Jury indicted Barnes on six counts of rape in violation of R.C. § 2907.02(A)(2)/(A)(1)(c); six counts of kidnapping in violation of R.C. § 2905.01(A)(4); and two counts of theft in violation of R.C. § 2913.02(A)(4) & (5). Doc. 8-1, p. 4-10. On May 21, 2009, Barnes was appointed counsel and pled not guilty to charges in the

---

[2] The grounds in the petition that are procedurally defaulted result in a dismissal; the grounds in the petition that are addressed on the merits result in a denial.

[3] The facts are taken from the Eighth District Court of Appeals' decision *State v. Barnes*, No. 94025 (Ohio Ct. App. Sept. 30, 2010). Barnes has not demonstrated by clear and convincing evidence that the state court's factual findings were incorrect. Accordingly, the state court's findings are presumed correct. *See* 28 U.S.C. § 2254(e)(1); *see also Railey*, 540 F. 3d at 397.

2

indictment. Doc. 8-1, p. 11.  On August 24, 2009, pursuant to a plea agreement, Barnes retracted his not guilty plea and pled guilty to two counts of sexual battery and one count of theft.  Doc. 8-1, p. 12.  The court ordered the remaining counts nolled and classified Barnes as a Tier III sex offender.  Doc. 8-1, p. 12.

On September 14, 2009, the trial court sentenced Barnes.  The state recommended the maximum sentence of eleven years.  Doc. 8-1, p. 170.  The trial court sentenced Barnes to consecutive terms of three years each for the sexual battery charges and one year for theft, for an aggregate prison sentence of seven years.  Doc. 8-1, p. 13.

### B. Direct Appeal

On October 1, 2009, Barnes, through counsel, timely appealed to the Eighth District Court of Appeals.  Doc. 8-1, p. 14.  In his brief, he presented two assignments of error:

> 1. Defense counsel was ineffective thereby denying appellant effective assistance of counsel as guaranteed by the Sixth Amendment to The United States Constitution.
>
>> A. Defense counsel was ineffective at the appellant's sentencing by not reading the pre-sentence report.
>>
>> B. Defense counsel was ineffective by not reading and possibly rebutting the state's sentencing memorandum.
>
> 2. The trial court erred and deprived appellant of his due process rights at sentencing when it failed to permit appellant an opportunity to review and comment upon the pre-sentence investigation and the state's sentencing memorandum.

Doc. 8-1, p. 18.  On September 30, 2010, the state Court of Appeals affirmed Barnes' convictions and sentence.  Doc. 8-1, p. 62.

### C. Ohio Supreme Court Appeal

On November 8, 2010, Barnes, *pro se*, timely appealed to the Ohio Supreme Court.  Doc. 8-1, p. 72. He presented two assignments of error:

3

> 1. Appellant received ineffective assistance of counsel, when counsel, failed to read the PSI report prior to sentencing, guaranteed by the Sixth Amendment of the United States.
>
> 2. Appellant was denied his 14th Amendment of the United States Constitution, when the trial court erred and deprived appellant of his due process rights at sentencing when it failed to permit appellant an opportunity to review and comment upon the pre-sentence investigation and the state's sentencing memorandum.

Doc. 8-1, p. 74.  On February 16, 2011, the Ohio Supreme Court declined jurisdiction to hear Barnes' case.  Doc. 8-1, p. 113.

### D.  Motion to Vacate a Void Sentence

On November 9, 2011, Barnes, *pro se*, filed a motion in the state trial court to vacate his sentence as void pursuant to Ohio Senate Bill 10.  Doc. 8-1, p. 114.  He challenged his Tier III sex offender classification.  Doc. 8-1, pp. 115-117.  On December 12, 2011, the trial court denied Barnes' motion, stating that Barnes was properly sentenced.  Doc. 8-1, p. 123.

On July 23, 2012, Barnes, *pro se*, filed a "motion to correct illegal and unlawful sentence pursuant to O.R.C. §2941.25(A)" in the trial court.  Doc. 8-1, p. 124.  On August 8, 2012, the court denied Barnes' motion. Doc. 8-1, p. 129.  On August 13, 2012, Barnes filed a "motion in opposition to Plaintiff's brief to dismiss," asking the trial court to "overrule" the state's brief in opposition.  Doc. 8-1, p. 130.  The court dismissed Barnes' motion as moot, stating that "the matter was already denied by the court."  Doc. 8-1, p. 134.

### E.  Application to Reopen Direct Appeal per App. R. 26(B)

On April 7, 2011, Barnes, *pro se*, filed an application to reopen his direct appeal.  Doc. 8-1, p. 135.  Barnes claimed his appellate counsel failed to raise numerous issues in his direct appeal, including the sufficiency of the evidence, the credibility and competency of the victim, the lack of expert witnesses, and the strategy of having him plead guilty instead of taking the

4

case to trial.  Doc. 8-1, pp. 139-140.  On April 20, 2011, the Ohio Court of Appeals denied Barnes' application as untimely, explaining that Barnes' asserted cause for his tardiness was without merit.  Doc. 8-1, pp. 152-155.

### F. Federal Habeas Petition

On April 13, 2012, Barnes, *pro se*, filed a petition for a writ of habeas corpus.  Doc. 1.  With permission from the Court, he filed an Amended Petition raising the following three grounds for relief:

> **Ground One:** Ineffective assistance on trial counsel.
>
> **Ground Two**: Ineffective assistance on appellate counsel.
>
> **Ground Three**: Deprivation of due process by trial judge.

Doc. 14, p. 2.  On July 30, 2013, Respondent filed a Return of Writ.  Doc. 8.  Respondent argues that a portion of Ground One and all of Grounds Two and Three are procedurally defaulted and that the remaining portion of Ground One fails on the merits.  Doc. 15, pp. 8-23.  Petitioner did not file a Traverse.

### III. Law

### A. Standard of Review under AEDPA

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA"), apply to Barnes' habeas petition because he filed it after the effective date of the AEDPA.  28 U.S.C. § 2254; *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007).  Under the AEDPA, a petitioner must meet certain procedural requirements in order to have his claims reviewed in federal court.  *Smith v. Ohio Dep't of Rehab. & Corr.,* 463 F.3d 426, 430 (6th Cir. 2006).  "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim."  *Daniels v. United States*, 532 U.S. 374, 381 (2001).

5

Although procedural default is sometimes confused with exhaustion, exhaustion and procedural default are distinct concepts. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). Failure to exhaust applies when state remedies are "still available at the time of the federal petition." *Id.* at 806 (quoting *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982)). In contrast, when state court remedies are no longer available, procedural default rather than exhaustion applies. *Williams,* 460 F.3d at 806.

**Exhaustion.** A federal court may not grant a writ of habeas corpus unless the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A). A state defendant with federal constitutional claims must fairly present those claims to the state courts before raising them in a federal habeas corpus action. 28 U.S.C. § 2254(b), (c); *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor*, 404 U.S. 270, 275–76 (1971); *see also Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006) (quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003)) ("[f]ederal courts do not have jurisdiction to consider a claim in a habeas petition that was not 'fairly presented' to the state courts"). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845-48 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). In order to satisfy the fair presentation requirement, a habeas petitioner must present both the factual and legal underpinnings of his claims to the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). This means that the petitioner must present his claims to the state courts as federal constitutional issues and not merely as issues arising under state law. *See, e.g.*, *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987); *Prather v. Rees*, 822 F.2d 1418, 1421 (6th Cir. 1987).

**Procedural Default.** Procedural default may occur in two ways. *Williams*, 460 F.3d at 806. First, a petitioner procedurally defaults a claim if he fails "to comply with state procedural

6

rules in presenting his claim to the appropriate state court." *Id*. In *Maupin v. Smith,* 785 F.2d 135, 138 (6th Cir. 1986), the Sixth Circuit provided four prongs of analysis to be used when determining whether a claim is barred on habeas corpus review due to petitioner's failure to comply with a state procedural rule: (1) whether there is a state procedural rule applicable to petitioner's claim and whether petitioner failed to comply with that rule; (2) whether the state court enforced the procedural rule; (3) whether the state procedural rule is an adequate and independent state ground on which the state can foreclose review of the federal constitutional claim and (4) whether the petitioner can demonstrate cause for his failure to follow the rule and that he was actually prejudiced by the alleged constitutional error. *See also Williams,* 460 F.3d at 806 ("If, due to the petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted.") (citing *Maupin,* 785 F.2d at 138).

Second, "a petitioner may procedurally default a claim by failing to raise a claim in state court, and pursue that claim through the state's 'ordinary appellate review procedures.'" *Williams,* 460 F.3d at 806 (citing *O'Sullivan,* 526 U.S. at 848). "If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, the claim is procedurally defaulted." *Id*. While the exhaustion requirement is technically satisfied because there are no longer any state remedies available to the petitioner, *see Coleman v. Thompson,* 501 U.S. 722, 732 (1991), the petitioner's failure to have the federal claims considered in the state courts constitutes a procedural default of those claims that bars federal court review. *Williams,* 460 F.3d at 806.

7

To overcome a procedural bar, a petitioner must show cause for the default and actual prejudice that resulted from the alleged violation of federal law or that there will be a fundamental miscarriage of justice if the claims are not considered.  *Coleman*, 501 U.S. at 750.

**Merits Review**.  In order to obtain habeas relief under §2254(d), a petitioner must show either that the state court decision (1) resulted in a decision contrary to, or involving an unreasonable application of clearly established federal law as determined by the United States Supreme Court ("contrary to" clause); or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings ("unreasonable application" clause).  28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant a writ if the state court arrives at a conclusion opposite to that reached by the [United States Supreme] Court on a question of law or [based on] a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-413 (2000).  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from th[e] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id. at 413*.  "Clearly established federal law" refers to the holdings, not dicta, of the Supreme Court's decisions as of the time of the relevant state-court decision, as well as legal principals and standards flowing from Supreme Court precedent.  *Id*. at 412; *Ruimveld v. Birkett*, 404 F.3d 1006, 1010 (6th Cir. 2005).  A state court is not required to cite Supreme Court precedent or reflect an awareness of Supreme Court cases, "so long as neither the reasoning nor the result of the state-court decision contradicts" such precedent.  *Early v. Packer*, 537 U.S. 3, 8 (2002); *Lopez v. Wilson*, 426 F.3d 339, 358 (6th Cir. 2005).  If the Supreme Court has not addressed the petitioner's specific claims, a reviewing district court cannot find that a state court acted contrary

8

to, or unreasonably applied Supreme Court precedent or clearly established federal law. *Carey v. Musladin*, 549 U.S. 70, 77 (2006).

In determining whether the state court's decision involved an unreasonable application of law, the court employs an objective standard. *Williams*, 529 U.S. at 409. "A state court's determination that a claim lacks merit precludes federal habeas review so long as 'fair-minded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)); *see also Bray v. Andrews*, 640 F.3d 731, 738 (6th Cir. 2011). "A state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Harington*, 562 U.S. at 103.

### IV. Claim Analysis

#### A. Claims Overview

Barnes sets forth three grounds for relief in his petition. Doc. 14, pp. 6-15. Respondent argues that a portion of Barnes' first ground asserting that trial counsel failed to present a defense and all of Barnes' second and third grounds are procedurally defaulted. Doc. 15, pp. 8-16. Respondent also argues that the portion of Barnes' first ground asserting that his trial counsel was ineffective because he failed to read the Pre-Sentence Investigation Report ("PSI") prior to Barnes' sentencing fails on the merits. Doc. 15, pp. 16-23. For the reasons that follow, the undersigned concludes that a portion of Barnes' first ground and the entirety of his second ground are procedurally defaulted; the remainder of Barnes' first ground and the entirety of his third ground fail on the merits.

#### 1. Ground One

In Ground One, Barnes argues that his trial counsel was ineffective.  Doc. 14, p. 6-8. Barnes asserts that his trial counsel: failed to hire a private investigator despite telling Barnes he would do so; never "filed a motion for medical records from the alleged rape victim"; advised Barnes to take the plea deal offered by the state despite Barnes' maintaining "there was no evidence to support a plea, trial or conviction"; and failed to read the PSI prior to the sentencing hearing.  Doc. 14, pp. 6-7.

### a. Ground One, minus the PSI allegation, is procedurally defaulted

Barnes' allegations contained in Ground One, minus the PSI allegation, are procedurally defaulted because Barnes never presented them to the state courts and state law no longer allows him to present them.  *See Williams*, 460 F.3d at 806 (a petitioner procedurally defaults a claim by not presenting it to the state courts and state law no longer allows the petitioner to present it, citing *O'Sullivan*, 526 U.S. at 847; *Engle v. Issac*, 456 U.S. 107, 125 n. 8).  Barnes can no longer present these allegations to the state courts because they are either based on the trial court record and were required to be raised on direct appeal, s*ee State v. Perry*, 226 N.E.2d 104, 108 (Ohio 1967), or could have been raised in a state petition for post-conviction relief within 180 days of the filing of the trial transcript in the court of appeals, *see* R.C. § 2953.21(A)(2).  Accordingly, Ground One, minus the PSI allegation, is procedurally defaulted and should be dismissed.

### b. The PSI allegation in Ground One fails on the merits

Barnes alleges a claim of ineffective assistance of trial counsel for counsel's failure to read the PSI prior to his sentencing hearing.  Doc. 8-1, pp. 26-28.  To show that counsel was ineffective under *Strickland v. Washington*, a habeas petitioner must demonstrate that counsel's performance was deficient and that such performance prejudiced him.  466 U.S. 668, 691-692 (1984).  On direct appeal, the Ohio Court of Appeals affirmed the trial court's judgment, finding that, under *Strickland*, Barnes could not show that he was prejudiced by trial counsel's allegedly

10

deficient performance. Doc. 8-1, p. 70. The court pointed out that Barnes failed to identify any deficiencies in the PSI that would have resulted in a different outcome. Doc. 8-1, p. 69.

Barnes does not allege, and there is no evidence to suggest, that the Ohio Court of Appeal's application of *Strickland* "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." See *Harington*, 562 U.S. at 103; *see also* 28 U.S.C. § 2254(d). Nor does Barnes assert in his habeas petition that he was prejudiced by his counsel's alleged ineffectiveness.[4] Thus, he has failed to show that the state court's application of *Strickland* was erroneous under the AEDPA standard. Accordingly, this portion of Ground One fails on the merits and should be denied.

### 2. Ground Two is procedurally defaulted

In Ground Two, Barnes argues that his appellate counsel was ineffective because he failed to raise various errors in his direct appeal, including: Barnes' trial counsel was ineffective "through the whole legal process;" Barnes was wrongfully sentenced on allied offenses; there was insufficient evidence; and that the trial court never held a Tier hearing regarding Barnes' Tier III sex offender classification. Doc. 14, p. 9. Respondent argues that Ground Two is procedurally defaulted pursuant to *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986). Doc. 15, p. 9.

Barnes raised Ground Two in his Application to Reopen per App. R. 26(B). Doc. 8-1, pp. 139-140. App. R. 26(B)(1) requires an application to be filed within ninety days from the state court of appeal's judgment on direct appeal unless the applicant shows good cause for filing the application at a later time. Barnes filed his application approximately six months after the Ohio Court of Appeals affirmed his conviction and sentence on direct appeal. Doc. 8-1, p. 152.

---

[4] Respondent contends, and Barnes does not dispute, that the Court sentenced Barnes to four years less than the state recommended under the plea agreement after his counsel argued mitigating factors during the hearing. Doc. 15, p. 22.

11

The state Court of Appeals denied Barnes' Rule 26(B) application because it was untimely filed and because Barnes did not demonstrate good cause for his tardiness.  Doc. 8-1, pp. 152-155.

Applying the *Maupin* factors, the undersigned finds that Barnes failed to comply with a state procedural rule requiring an application be filed within ninety days of the judgment on direct appeal; the state Court of Appeals enforced the procedural rule when it denied Barnes' application because it was untimely; and the state procedural rule is an adequate and independent state ground on which the state can foreclose review of Barnes' claim.  *See Monzo v. Edwards, 281 F.3d 568, 577-578 (6th Cir. 2002)* (enforcement of the ninety-day time limit is an adequate and independent state procedural ground that forecloses federal habeas review, citing *State v. Reddick*, 647 N.E.2d 784, 786 (Ohio 1995));  *Scuba v. Brigano, 527 F.3d 479, 488 (6th Cir. 2007)*; *Parker v. Bagley, 543 F.3d 859, 861-862 (6th Cir. 2008)*.  Moreover, the Court of Appeals, citing legal authority, rejected Barnes' argument that his lack of knowledge and resources demonstrated cause to excuse his untimely filing.  Doc. 8-1, pp. 152-155.  In his petition, Barnes does not assert good cause for his failure to follow the procedural rule.

The state Court of Appeal's enforcement of the time limitation in Rule 26(B) is an adequate and independent procedural ground under *Maupin* and forecloses federal habeas review.  Accordingly, Ground Two is procedurally defaulted and should be dismissed.

### 3. Ground Three fails on the merits

In Ground Three, Barnes argues that his trial judge, Steven J. Terry, "fixed countless court cases then lied about it to the Jury that convicted him."  Doc. 14, p. 12.  Without further explanation, Barnes alleges that because the trial court judge was later convicted in an unrelated federal proceeding for unlawful activities in some civil cases, Barnes' due process rights were

12

violated and his sentence imposed by the trial judge is "unauthorized" and should be vacated.[5] Doc. 14, p. 13.

Respondent characterizes Ground Three as alleging a "trial court sentencing error" and claims that it is not cognizable. Doc. 15, p. 10. The undersigned disagrees—Ground Three clearly alleges a due process violation based on the subsequent criminal conviction of the trial judge. See Doc. 14, pp. 13-15. However, the undersigned concludes that Ground Three fails on the merits.

In *Bracy v. Gramley*, 520 U.S. 899 (1997), the Supreme Court considered a petitioner's motion for discovery when the petitioner alleged a due process violation in a death penalty case asserting that the trial judge was biased against him in his case. The Court determined that the petitioner was entitled to discovery because he made specific allegations that the trial judge was taking bribes from other criminal defendants at the time of the petitioner's trial. *Id*. at 905. The petitioner, who did not bribe the judge, alleged that the judge was prosecution-oriented at petitioner's trial in an attempt to appear unbiased. *Id*. The petitioner pointed out that the trial judge was later convicted on bribery charges in criminal cases and that the judge had appointed a former associate to be the petitioner's attorney when other prior associates of the judge had assisted the judge taking bribes. *Id*. at 901-902. In finding that the petitioner had a right to discovery, the Court stated, "[w]e emphasize [ ] that petitioner supports his discovery request by pointing not only to [Judge] Maloney's conviction for bribe taking in other cases, but also to additional evidence, discussed above, that lends support to his claim that Maloney was actually biased *in petitioner's own case*." *Id*. at 909 (emphasis in original). Here, Barnes does not provide specific allegations that the trial judge was actually biased in his case.

---

[5] *See U.S. v. Terry*, 707 F.3d 607 (6th Cir. 2013), in which the Sixth Circuit affirmed Terry's conviction and sentence.

13

A due process violation may occur with "something less than actual bias" when the judge "has a direct, personal, substantial pecuniary interest in reaching a [particular] conclusion" or in "certain contempt cases, such as those in which the judge becomes personally embroiled with the contemnor." *Railey v. Webb*, 540 F.3d 393, 400 (6th Cir. 2008) (internal quotation marks omitted).  Barnes does not allege either a direct, personal or substantial pecuniary interest the trial judge had in sentencing him or that the trial judge became personally embroiled with Barnes.  Instead, Barnes merely asserts that, because the trial judge was later convicted with respect to activity in some civil cases, "there was no way that Mr. Barnes could have receive[d] a[] fair proceeding[]."  Doc. 14, p. 12.  This conclusory statement does not allege a due process violation.  Accordingly, Ground Three fails on the merits and should be denied.

### V. Conclusion and Recommendation

For the reasons stated above, the undersigned recommends that Petitioner's habeas petition be **DISMISSED** in part and **DENIED** in part.  Ground One, minus the PSI allegation, and Ground Two in its entirety should be dismissed; the PSI allegation in Ground One and Ground Three in its entirety should be denied.

Dated: February 25, 2015

Kathleen B. Burke
United States Magistrate Judge

### **OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); s*ee also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).