```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                           :
RICHARD BARNES,                            :
                                           :     CASE NO. 1:12-CV-00895
        Petitioner,                        :
                                           :
vs.                                        :     OPINION & ORDER
                                           :     [Resolving Docs. 14, 20]
BENNIE KELLY, WARDEN                       :
                                           :
        Respondent.                        :
                                           :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this habeas corpus lawsuit, Petitioner Richard Barnes seeks relief with claims that both his trial attorney and his appellate attorney were constitutionally ineffective and seeks relief upon a claim that the trial judge denied due process.

Magistrate Judge Kathleen Burke recommends the dismissal of a portion Barnes ineffective trial counsel claim and recommends dismissal of all of Barnes ineffective appellate counsel claim.[1] Magistrate Judge Burke also recommends that the remainder of Barnes's ineffective trial counsel claim and Barnes's due process claim be denied on the merits.[2]

Petitioner Barnes objects to these recommendations.[3]

For the following reasons, the Court **OVERRULES** Petitioner Barnes's objections, **ADOPTS** the recommendations of Magistrate Judge Burke as supplemented by this opinion and order, and **DISMISSES** in part and **DENIES** in part Barnes's petition.

**I. Background**

---

[1] Doc. 19.
[2] *Id.*
[3] Doc. 20.

Case No. 1:12-CV-00895
Gwin, J.

In a habeas corpus case from a state court judgment, State court factual findings are presumed to be correct.[4] The presumption of correctness also applies to factual findings made by a state appellate court based on the trial record.[5] The Eighth District Court of Appeals summarized the facts as follows:

> {¶ 2} On August 19, 2009, appellant pled guilty to two counts of sexual battery in violation of R.C. 2907.03(A)(1) and one count of theft in violation of R.C. 2913.02(A)(4). The court ordered a presentence investigation and, on September 14, 2009, conducted a sentencing hearing. After entertaining arguments from both the state and appellant, the court sentenced appellant to three years incarceration for each of the sexual battery convictions and one year for the theft conviction. The court ordered all sentences to be served consecutively, for a total of seven years imprisonment. Additionally, the court classified appellant as a Tier III sex offender.[6]

Ohio argues that Barnes procedurally defaulted some of his arguments because he failed to make similar arguments to the state court. On October 1, 2009, Barnes timely presented two assignments of error to the Ohio Court of Appeals:

> 1. Defense counsel was ineffective thereby denying appellant effective assistance of counsel as guaranteed by the Sixth Amendment to The United States Constitution.
>    A. Defense counsel was ineffective at the appellant's sentencing by not reading the pre-sentence report.
>    B. Defense counsel was ineffective by not reading and possibly rebutting the state's sentencing memorandum.
> 2. The trial court erred and deprived appellant of his due process rights at sentencing when it failed to permit appellant an opportunity to review and comment upon the pre-sentence investigation and the state's sentencing memorandum.[7]

The Court of Appeals affirmed Barnes's conviction and sentence.[8] Barnes timely appealed

---

[4] 28 U.S.C. § 2254(e)(1).
[5] *Matthews v. Ishee*, 486 F.3d 883, 889 (6th Cir. 2007).
[6] *State v. Barnes*, No. 94025, 2010 WL 3814467 (Ohio Ct. App. Sept. 30, 2010).
[7] Doc. 8-1 at 21.
[8] *Barnes*, 2010 WL 3814467.

Case No. 1:12-CV-00895
Gwin, J.

to the Ohio Supreme Court, which declined jurisdiction.[9]

Barnes next filed an application to reopen his direct appeal under Ohio Rule of Appellate Procedure 26(B). With this application, Barnes claimed his appellate counsel was ineffective for failing to make a sufficiency of the evidence argument; for failing to challenge trial counsel's ineffectiveness; for not challenging the credibility and competency of the victim, and for not challenging trial counsel's strategy of having Barnes plead guilty instead of going to trial.[10]

Ohio Appellate Rule 26(B) requires applications claiming ineffective assistance of appellate counsel to be filed within ninety days unless the applicant can demonstrate good cause.[11] Barnes acknowledged that his application was untimely, but claimed a lack of resources and legal knowledge was good cause that excused the untimely Rule 26(B) application.[12] The Court of Appeals rejected this argument and dismissed Barnes's application as untimely.[13]

Barnes subsequently filed two additional motions in state court. The first challenged his Tier III sex offender status, and was denied on the merits.[14] The second argued that his sentence was unlawful because his various convictions were "allied offenses" that should not have received separate sentences.[15] The state trial court denied this motion, citing a case that stands for the proposition that such arguments can only be raised on direct appeal.[16]

---

[9] Doc. 8-1 at 74-75.
[10] *Id.* at 101-02.
[11] Ohio App. R. 26(B).
[12] Doc. 8-1 at 137.
[13] *State v. Barnes*, No. 94025, 2011 WL 1563411 (Ohio Ct. App. April 20, 2011).
[14] Doc. 8-1 at 114, 123.
[15] *Id.* at 124-26.
[16] *Id.* at 129.

Case No. 1:12-CV-00895
Gwin, J.

On April 13, 2012, Barnes filed a petition for a writ of habeas corpus.[17] His amended petition raised three grounds for relief:

1. Ineffective assistance of trial counsel.
2. Ineffective assistance of appellate counsel.
3. Deprivation of due process by the trial judge.[18]

On February 25, 2015, Magistrate Judge Burke recommended that part of Ground One (Ineffective assistance of trial counsel) and all of Ground Two (Ineffective assistance of appellate counsel) be dismissed as procedurally defaulted and that the remainder of Ground One and Ground Three be denied on the merits.[19] Barnes objected to the report and recommendation.[20]

**II. Legal Standard**

**A. Federal Magistrates Act**

Under the Federal Magistrates Act, a district court conducts a de novo review of those portions of a Report and Recommendation to which the parties have made an objection.[21]

**B. The Antiterrorism and Effective Death Penalty Act**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court cannot grant habeas relief unless the state court's adjudication either

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.[22]

---

[17] Doc. 1.
[18] Doc. 14.
[19] Doc. 19.
[20] Doc. 20.
[21] 28 U.S.C. § 636(b)(1).
[22] 28 U.S.C. § 2254(d).

-4-

Case No. 1:12-CV-00895
Gwin, J.

Under the "contrary to" language, habeas relief can be justified when a "federal court must find a violation of law 'clearly established' by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision."[23] Under the "unreasonable application" clause, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."[24] The petitioner carries the burden of proof.[25]

Moreover, "[a] petitioner for a writ of habeas corpus must meet certain procedural requirements to permit review of his habeas claims by a federal court."[26] A federal court may not grant a writ of habeas corpus unless the petitioner has exhausted all available remedies in state court.[27] Exhaustion occurs when there are no more state remedies "still available at the time of the federal petition."[28]

A petitioner's claim may be barred even if he cannot pursue state court remedies if the claim is procedurally defaulted. A procedural default results when a petitioner fails "to comply with state procedural rules in presenting his claim to the appropriate state court."[29]

Most typically, procedural default results in Ohio habeas cases when a convicted defendant fails to appeal an issue in the direct appeal from his conviction. Under Ohio procedural law, all claims that were known, or that should have been known, by the defendant at the time of trial or

---

[23] *Williams v. Taylor*, 529 U.S. 362, 412 (2000).
[24] *Id.* at 413.
[25] *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011) (citing *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002) (per curiam)).
[26] *Smith v. Dep't of Rehab & Corr.*, 463 F.3d 426, 430 (6th Cir. 2006).
[27] 28 U.S.C. § 2254(b)(1)(A).
[28] *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982).
[29] *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006).

Case No. 1:12-CV-00895
Gwin, J.

direct appeal must be raised on direct appeal from the judgment of conviction. If claims are not raised on direct appeal, they are waived.[30]

The Sixth Circuit's decision in *Maupin v. Smith* directs courts to consider four factors in deciding whether a petitioner has procedurally defaulted a claim: (1) whether there is a state procedural rule that is applicable to the petitioner's claim; (2) whether the petitioner failed to comply with that rule; (3) whether the procedural rule was actually enforced in the petitioner's case; and (4) whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim.[31]

A petitioner procedurally defaults a claim by "failing to raise a claim in state court, and pursue that claim through the state's 'ordinary appellate review procedures.'"[32]

A petitioner can overcome a procedural default if he can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."[33]

## III. Analysis

### A. Ground One: Ineffective Assistance of Trial Counsel

Petitioner Barnes claims that his Sixth and Fourteenth Amendment rights were violated because of the ineffective assistance of his trial counsel. He claims that his trial counsel's performance was constitutionally deficient because counsel: (1) failed to hire a private investigator

---

[30] *State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967) ("Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment."); *State v. Cole*, 2 Ohio St. 3d 112, 113, 443 N.E.2d 169 (1982).
[31] *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).
[32] *Williams*, 460 F.3d at 806.
[33] *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Case No. 1:12-CV-00895
Gwin, J.

despite assurances that an investigator would be hired; (2) never "filed a motion for medical records from the alleged rape victim"; (3) advised Barnes to take the plea deal despite Barnes maintaining that "there was no evidence to support a plea, trial, or conviction"; and (4) failed to read the Pre-Sentencing Investigation ("PSI") report before the sentencing.[34]

Magistrate Judge Burke has recommended that the Court conclude that the first three of these alleged failures have been procedurally defaulted and that the fourth fails on the merits.[35] Petitioner Barnes has objected to both recommendations, and the Court considers each in turn.

**1. Ground One, except the PSI claim, is procedurally defaulted**

As Magistrate Judge Burke concluded, in raising his ineffective assistance of trial counsel claims before the state courts, Petitioner Barnes relied only on his PSI argument. Barnes failed to present his other ineffective assistance claims to the state courts, and only raised them in his federal habeas petition.

Construed liberally, Petitioner Barnes makes two arguments: (1) that Barnes's direct appeal ineffective assistance of trial counsel claim was broad enough to allow his new arguments, and (2) that his appellate counsel was ineffective in failing to raise his expanded trial counsel ineffectiveness claim and that this excuses his procedural default.[36]

Barnes's first objection to the report and recommendation fails. Although Barnes did raise a claim of ineffective assistance of counsel on direct appeal, this claim was confined to the failure of counsel to read the PSI and the state's sentencing memorandum."'Fair presentation requires that

---

[34] Doc. 14 at 4-6.
[35] *See* Doc. 19 at 9-11.
[36] *See* Doc. 20 at 1.

Case No. 1:12-CV-00895
Gwin, J.

the state courts be given the opportunity to see both the factual and legal basis for each claim.'"[37/] Petitioner Barnes did not give the Ohio courts the opportunity to pass on his ineffective assistance of trial counsel claims except for the PSI claim, and the time for him to do so has passed.[38/] Accordingly, these claims are procedurally defaulted.

The Court also rejects Petitioner Barnes's argument that his appellate counsel's ineffective assistance gives cause to excuse the procedural default. Although ineffective assistance of appellate counsel can provide cause to excuse a procedural default in some circumstances, it does not provide cause here. When ineffective assistance of appellate counsel is offered as cause for a procedural default, that excuse can itself be procedurally defaulted.[39/]

As described in Section III.B, Petitioner Barnes's claim of ineffective assistance of appellate counsel is procedurally defaulted because he first raised it in an untimely motion under Ohio Rule of Appellate Procedure 26(B). Ohio's state procedural rule that requires a timely motion is an independent procedural rule that stops examination of Barnes's appellate counsel's ineffectiveness claim. Because Barnes did not comply with Ohio's time limits for raising appellate counsel's ineffectiveness, he defaulted that claim. Barnes's defaulted the appellate counsel ineffectiveness claim and it cannot provide cause to excuse his procedural default of his ineffective assistance of trial counsel claim.

**2. The PSI claim in Ground One fails on the merits**

Barnes argues that his trial counsel was ineffective by failing to read the PSI before the

---

[37/] *Hooks v. Sheets*, 603 F.3d 316, 320 (6th Cir. 2010) (quoting *Frazier v. Huffman*, 343 F.3d 780, 797 (6th Cir. 2007)).

[38/] *See* Ohio Rev. Code § 2953.21(A)(2).

[39/] *Monzo v. Edwards*, 281 F.3d 568, 577 (6th Cir. 2002) (citing *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000)).

Case No. 1:12-CV-00895
Gwin, J.

sentencing hearing. Unlike Barnes's other ineffective assistance of trial counsel claims, Barnes made this claim to the state courts and it was not procedurally defaulted.

Under *Strickland v. Washington*, to make an ineffective assistance of counsel claim, a petitioner must demonstrate both that counsel's performance was deficient and that the deficient performance prejudiced the defense.[40]

"[A] court making the prejudice inquiry must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors."[41] In examining Barnes's argument that his trial counsel's argued failure to examine the PSI prejudiced him, the "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of that decision."[42]

The Ohio Court of Appeals rejected Barnes's claim, reasoning that Barnes had not shown prejudice because he had pointed to no mistakes or "deficiencies" in the PSI that required correction, and no material in the PSI that "had not been presented prior to the [sentencing] hearing."[43]

Magistrate Judge Burke recommends this determination did not unreasonably apply *Strickland* for AEDPA purposes. In doing so, Magistrate Judge Burke found the state court's reasoning sufficient and reasoned that Barnes's sentence was four years less than the sentence requested by the state.[44]

Barnes objects to this conclusion, but points only to his trial counsel's failure to read the PSI

---

[40] *Strickland v. Washington*, 466 U.S. 668, 686 (1984).
[41] *Id.* at 696.
[42] *Harrington v. Richter*, 562 U.S. 86, 88 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).
[43] Doc. 8-1 at 69. Although this discussion came in the context of a separate due process claim, the Ohio Court of Appeals incorporated it into its ineffective assistance of counsel analysis by reference. *Id.* at 70.
[44] Doc. 19 at 11 & n.4.

Case No. 1:12-CV-00895
Gwin, J.

and his trial counsel's confusion over which side would speak first at the sentencing hearing. Without more, these arguments do not defeat the state court's conclusion of a lack of prejudice.

The fact that a defendant received a shorter sentence than the statutory maximum does not necessarily defeat a claim of prejudice. In some cases, effective representation may have been reasonably likely to produce an even shorter sentence. But Petitioner Barnes has not shown that it is reasonably likely that he would have gotten a lower sentence if trial counsel was more familiar with the PSI. And he does not show that the state court's application of the *Strickland* prejudice test was unreasonable. The Court thus agrees with the report and recommendation and concludes that the PSI portion of Ground One fails on the merits.

**B. Ground Two is procedurally defaulted.**

Barnes's second ground for relief is that his appellate counsel was ineffective for failing to raise errors in his direct appeal including: ineffectiveness through the "whole legal process"; a wrongful sentence on allied offenses; insufficient evidence; and the lack of a hearing on his Tier III sex offender classification.[45]

Barnes first attempted to raise these claims in an Application to Reopen his direct appeal. But Barnes filed the application after the ninety-day time frame imposed by Ohio Rule of Appellate Procedure 26(B)(1), and the application was denied for having failed to comply with Ohio's procedural rule. Barnes acknowledged this, but claimed that he could show good cause for missing the deadline.

After applying the *Maupin* factors, Magistrate Judge Burke's report and recommendation

---

[45] Doc. 14.

-10-

Case No. 1:12-CV-00895
Gwin, J.

concluded that "the state Court of Appeal's enforcement of the time limitation in Rule 26(B) is an adequate and independent procedural ground . . . and forecloses federal habeas review."[46]

Petitioner Barnes has objected to this conclusion.[47] But his objection does not address the issue of procedural default. Instead, it merely reiterates his argument on the merits.

The Court agrees with the report and recommendation's conclusion that Ground Two is procedurally defaulted. In particular, the Sixth Circuit has repeatedly held that failure to comply with Rule 26(B)'s time limit forecloses federal habeas relief.[48] The Court will therefore dismiss Ground Two of Barnes's petition.

**C. Ground Three fails on the merits.**

In Ground Three, Petitioner Barnes says that his due process rights were violated because the trial judge who presided over his case was corrupt.[49] The trial court judge, Steven Terry, was in fact later convicted of corruption based on several incidents that occurred in unrelated civil cases where Judge Terry presided.[50] The cases involved political favors to connected contractors. None were similar to Barnes's case.

As an initial matter, the Court agrees with Magistrate Judge Burke's characterization of Ground Three. Contrary to the Respondent's position, Petitioner Barnes clearly raises a due process challenge based on Judge Terry's corruption, not a state sentencing law complaint.[51]

---

[46] Doc. 19 at 12.
[47] Doc. 20 at 2-3.
[48] Parker v. Bagley, 543 F.3d 859, 861-62 (6th Cir. 2008); Scuba v. Brigano, 527 F.3d 479, 488 (6th Cir. 2007); Monzo, 281 F.3d at 577-78.
[49] Doc 14.
[50] United States v. Terry, 707 F.3d 607 (6th Cir. 2013).
[51] See Doc. 19 at 13.

-11-

Case No. 1:12-CV-00895
Gwin, J.

The Court also agrees, however, with the report and recommendation's conclusion that Petitioner Barnes's judicial bias argument fails on the merits. As the report and recommendation notes, the leading case in considering this claim is the Supreme Court's decision in *Bracy v. Gramley*.[52] There, the Court permitted discovery on a judicial bias claim where the trial judge had taken bribes in other murder cases and the defendant alleged that the judge was biased towards the prosecution in cases where he was not bribed in order to avoid appearing pro-defendant in general.[53] The Court "emphasize[d] . . . that petitioner supports his discovery request by pointing not only to [the judge's] conviction for bribe taking in other cases, but also to additional evidence . . . that lends support to his claim that [the judge] was actually biased *in petitioner's own case*."[54]

In the present case, although Petitioner Barnes raises a number of complaints about how Judge Terry's sentencing hearing conduct "was very aggressive," Barnes offers no link to Judge Terry's corruption in unrelated civil cases. Likewise, although Petitioner Barnes says that his sentence was "unauthorized by law" and that Judge Terry "disregard[ed] statutory requirements" in imposing sentence, Barnes does not explain how either of these claims involve federal rights, much less how they are linked to Judge Terry's corruption.

Therefore, Ground Three must be denied on the merits.[55]

**IV. Conclusion**

For the foregoing reasons the Court **OVERRULES** Petitioner's objections, **ADOPTS** the

---

[52] 520 U.S. 899 (1997).

[53] *Id.*

[54] *Id.* at 909 (emphasis in original).

[55] The report and recommendation did not consider whether Petitioner Barnes's judicial bias claim was procedurally defaulted. Because the Respondent has not objected to this or any other portion of the report and recommendation, and because the Court agrees that the claim fails on the merits, the Court also will not consider whether the judicial bias claim is procedurally defaulted and, if so, whether the default can be excused.

Case No. 1:12-CV-00895
Gwin, J.

recommendations of Magistrate Judge Kathleen Burke as supplemented by this opinion and order, and **DISMISSES** in part and **DENIES** in part Barnes's petition. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and no basis exists upon which to issue a certificate of appealability.[56]

    IT IS SO ORDERED


Dated: June 15, 2015                    s/ *James S. Gwin*
                                                  JAMES S. GWIN
                                                  UNITED STATES DISTRICT JUDGE

---

[56] *See* 28 U.S.C. 2253(c); Fed. R. App. P. 22(b).